TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
ERIK M. SILBER (Cal. Bar No. 190534)
AMANDA M. BETTINELLI (Cal. Bar No. 233927)
Assistant United States Attorneys
Environmental and Community Safety Crimes Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2231/0470
    Facsimile: (213) 894-8513
    E-mail:   Erik.Silber@usdoj.gov
              Amanda.Bettinelli@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT
4/13/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_\_JB\_\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:21-cr-00177-AB |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT JOVANA TAMEKA NETTLES |
| v. | |
| JOVANA TAMEKA NETTLES, | |
| Defendant. | |

1. This constitutes the plea agreement between defendant JOVANA TAMEKA NETTLES ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO"). This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

a. Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with mail fraud in violation of 18 U.S.C. §§ 1341, 1346, 2(b).

b. Agree that all court appearances, including her change of plea hearing and sentencing hearing, may proceed by video-teleconference ("VTC") or telephone, if VTC is not reasonably available, so long as such appearances are authorized by Order of the Chief Judge or another order, rule, or statute. Defendant understands that, under the United States Constitution, the United States Code, and the Federal Rules of Criminal Procedure (including Rules 11, 32, and 43), she may have the right to be physically present at these hearings. Defendant understands that right and, after consulting with counsel, voluntarily agrees to waive it and to proceed remotely. Defense counsel also joins in this consent, agreement, and waiver. Specifically, this agreement includes, but is not limited to, the following:

i. Defendant consents under Federal Rules of Criminal Procedure 5(f) and 10(c) and Section 15002(b) of the CARES Act to proceed with her initial appearance and arraignment by VTC or telephone, if VTC is not reasonably available.

ii. Defendant consents under Section 15002(b) of the CARES Act to proceed with her waiver of indictment, under Federal Rule of Criminal Procedure 7(b), by VTC or telephone, if VTC is not reasonably available.

    iii. Defendant consents under Section 15002(b) of the CARES Act to proceed with his change of plea hearing by VTC or telephone, if VTC is not reasonably available.

    iv. Defendant consents under Section 15002(b) of the CARES Act to proceed with her sentencing hearing by VTC or telephone, if VTC is not reasonably available.

    v. Defendant consents under 18 U.S.C. § 3148 and Section 15002(b) of the CARES Act to proceed with any hearing regarding alleged violations of the conditions of pretrial release by VTC or telephone, if VTC is not reasonably available.

  c. Not contest facts agreed to in this agreement.

  d. Abide by all agreements regarding sentencing contained in this agreement.

  e. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

  f. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

  g. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

  h. Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

## THE USAO'S OBLIGATIONS

3. The USAO agrees to:

  a. Not contest facts agreed to in this agreement.

1 | 	b.	Abide by all agreements regarding sentencing contained in this agreement.

	c.	At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

	d.	Because the justice system is facing an unprecedented crisis through the backlog of cases, the parties agree that the defendant is entitled to a two-level variance, and the government agrees to request a two-level variance if defendant complies with paragraph 2 above, as recognition of defendant's early acceptance of responsibility, which will lessen the burden on the court system by: (1) waiving any right to presence and pleading guilty at the earliest opportunity by VTC (or telephone, if VTC is not reasonably available); (2) waiving any right to presence and agreeing to be sentenced by VTC (or telephone, if VTC is not reasonably available) should the Central District of California's General Order allow for it; (3) agreeing to appear at all other times by VTC or telephone; and (4) waiving all appellate rights.

	e.	Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A, without regard to reductions in the term of imprisonment that may be permissible through the substitution

4

1 | of community confinement or home detention as a result of the offense
2 | level falling within Zone B or Zone C of the Sentencing Table.

    f.    Should the Court sentence defendant to a term of imprisonment, recommend that defendant not be required to self-surrender to serve his sentence until on or after February 1, 2021, unless defendant violates the conditions of his bond.

NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of mail fraud, in violation of 18 U.S.C. §§ 1341, 1346, 2(b) the following must be true: (1) defendant devised or knowingly participated in a scheme or plan to deprive the California Department of Motor Vehicles of its right to honest services; (2) the scheme or plan consists of a bribe in exchange for defendant's services, and the "exchange" may be express or may be implied from all the surrounding circumstances; (3) defendant owed a fiduciary duty to the California Department of Motor Vehicles; (4) defendant acted with the intent to defraud by depriving the California Department of Motor Vehicles of its right to honest services; (5) defendant's act was material, that is, it had a natural tendency to influence, or was capable of influencing, an entity's acts; and (6) defendant used, or caused someone to use, the mails to carry out or to attempt to carry out the scheme or plan.

PENALTIES

5. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. §§ 1341, 1346, 2(b) is: 20 years imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss

resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that she is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8.  Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial

6

of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

9. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 11 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Defendant was a California Department of Motor Vehicles ("California DMV") employee who started working for the California DMV on March 10, 2004, and resigned on March 14, 2018.  From March 2, 2015, until her resignation on March 14, 2018, defendant worked as a manager in the Lincoln Park office of the California DMV.  Through her positions with the California DMV, defendant was an agent of the State of California and owed a fiduciary duty to the California Department of Motor Vehicles and the people of the State of California.  In violation of her fiduciary duty, defendant used her position to accept cash bribes to illegally issue instructional permits and driver's licenses to otherwise ineligible California DMV applicants, and to fraudulently enter passing scores for applicants

for the tests legally required for issuance of licenses and permits, without the applicant actually taking or passing the necessary tests.

Defendant was part of a conspiracy involving corrupt DMV employees and brokers. A DMV employee would solicit the services of, and arrange for the payment of a portion of, the cash bribes to other California DMV employees, including T.R., who would physically enter passing scores on the required tests without the applicant taking or passing those tests. One of those other DMV employees, T.R., then arranged for defendant NETTLES to make fraudulent entries on her behalf. The other DMV employee paid T.R. in cash for entering the fraudulent entries into the DMV database and T.R., in turn, provided at least some of the cash from the bribes she received.

For example, on or before March 3, 2016, T.R. asked defendant to pass driver's license applicant L.O.V.G. on tests for a driver's license without L.O.V.G. taking or passing the required tests. On or about March 3, 2016, DMV computer records indicate that defendant entered passing scores on tests required for an instructional permit (law/written test and signs test) and then issued an instructional permit for L.O.V.G. without L.O.V.G. taking or passing the required tests. After defendant fraudulently entered the passing test scores, T.R. paid a cash bribe to defendant for the fraudulent entry. The DMV ultimately mailed a driver's license to L.O.V.G., which L.O.V.G. was not lawfully qualified to receive, on or before April 14, 2016.

On or before April 7, 2016, T.R. asked defendant to pass driver's license applicant R.H. on tests for a driver's license without R.H. taking or passing the required tests. On or about April 7, 2016, DMV computer records indicate that defendant entered passing scores on a test required for an instructional permit (law/written

test) and then issued an instructional permit for R.H.  After defendant fraudulently entered the passing test scores, T.R. paid a cash bribe to defendant for the fraudulent entry.  The DMV mailed the driver's license to R.H., which R.H. was not lawfully qualified to receive, on November 10, 2016.

On or before May 25, 2016, T.R. asked defendant to pass driver's license applicant K.C. on tests for a driver's license without the applicant taking or passing the tests required to do so.  On or about May 25, 2016, DMV computer records indicate that defendant entered passing scores on a test required for an instructional permit (law/written test) and then issued an instructional permit without K.C. actually taking or passing the required tests.  After defendant fraudulently entered the passing test scores, T.R. paid a cash bribe to defendant for the fraudulent entry.  The DMV mailed the driver's license to K.C., which K.C. was not lawfully qualified to receive, on or about July 26, 2016.

## SENTENCING FACTORS

10.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds

appropriate up to the maximum set by statute for the crime of conviction.

11. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 14 | U.S.S.G. § 2C1.1(a)(1) |
| More than One Bribe: | +2 | U.S.S.G. § 2C1.1(b)(1) |
| Identification Document: | +2 | U.S.S.G. § 2C1.1(b)(4) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate, including an enhancement for value of the bribes under U.S.S.G. § 2C1.1(b)(2), and an enhancement for an enhancement because the offense involved a sensitive position under U.S.S.G. § 2C1.1(b)(3).

12. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

## WAIVER OF CONSTITUTIONAL RIGHTS

13. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a. The right to persist in a plea of not guilty.

   b. The right to a speedy and public trial by jury.

   c. The right to be represented by counsel – and if necessary have the Court appoint counsel – at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

   d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e. The right to confront and cross-examine witnesses against defendant.

   f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

   g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

   h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

14. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

15. Defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided

it is within the statutory maximum; (e) the amount and terms of any restitution order; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

16. Defendant also gives up any right to bring a postconviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, that newly discovered evidence purportedly supports defendant's innocence, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

17. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 30 months in prison, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

18. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds

in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

19. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

20. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds

such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

21. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

    c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

///

///

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

22. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

23. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 11 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

24. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the

maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

25. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

26. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
Acting United States Attorney

/s/ Amanda M. Bettinelli                                 4/13/2021
_____                         _____
ERIK M. SILBER                                           Date
AMANDA M. BETTINELLI
Assistant United States Attorneys

_____                         3/30/2021
JOVANA NETTLES                                           Date
Defendant

_____                         3/30/2021
JOHN MCNICHOLAS                                          Date

16

Attorney for Defendant

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_/s/ Jovana Nettles_       3/30/2021
JOVANA NETTLES            Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am JOVANA NETTLES' attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be

17

asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____  3/30/2021
JOHN MCNICHOLAS                  Date
Attorney for Defendant